IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRI A. LEMON, )
 )
      Plaintiff, )
 )
  -vs- ) Civil Action No. 14-562
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are cross Motions for Summary Judgment. (ECF Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9, 11 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting in part and denying in part Plaintiff's Motion for Summary Judgment (ECF No. 8) and denying Defendant's Motion for Summary Judgment. (ECF No. 10).

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since August 30, 2007. (ECF Nos. 7-5, pp. 2, 6). Administrative Law Judge ("ALJ"), Wayne Stanley, held a hearing on September 11, 2012. (ECF No. 7-2, pp. 27-60). On September 25, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 12-21). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Duty to develop the record

Plaintiff argues that the ALJ failed to meet his duty to develop the record. (ECF No. 9, pp. 18-20). Specifically, Plaintiff submits that the ALJ knew of 43 potentially missing treatment records from Family Psychological Associates and did not make any attempt "to find out what these appointments consisted of, and what credentials Plaintiff's therapists had." *Id.* at pp. 9-10 (footnote omitted). Plaintiff contends that the missing records "could have provided valuable insight into Plaintiff's impairments." *Id.* at 10. Thus, Plaintiff submits that remand is necessary. After a review of the record, I am not persuaded by this argument.

The regulations make clear that it is the Plaintiff's burden to prove that he/she is disabled, which means the plaintiff has the duty to provide medical and other evidence showing that he/she has an impairment(s) and how severe it is. 20 C.F.R. §416.912(a-c). This burden does not shift to the ALJ. Nonetheless, an ALJ has the duty to develop the record sufficiently to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900 (3d Cir. 1995); 20 C.F.R.

3

§416.912(d). Usually, the issue of whether an ALJ had developed the record fully arises in situations involving a *pro se* claimant where the duty is heightened. *Early v. Heckler,* 743 F.2d 1002 (3d Cir. 1984). Such is not the case here.

"When an applicant for social security benefits is represented by counsel the administrative law judge is entitled to assume that the applicant is making his strongest case for benefits." *Yoder v. Colvin,* No. 13-107, 2001 WL 2770045, *3 (W.D. Pa. June 18, 2014), *citing Lofland v. Astrue,* No. 12-624, 2013 WL 3927695, *17 (D. Del. July 24, 2013). Plaintiff has been represented by counsel at all pertinent times and continues to be represented. Yet, at no time did counsel seek to secure them, submit them, or request to keep the record open to obtain them at a future date and supplement the record. (ECF No. 8-2, pp. 27-60). In fact, Plaintiff's counsel fails to offer any explanation as to why they did not do the same. (ECF No. 9, pp. 18-20, No. 12, pp. 1-2).

Additionally, Plaintiff's counsel submitted a prehearing brief to the ALJ indicating that "[t]o the best of my knowledge, all known recent medical records have been submitted or requested." (ECF No. 7-6, p. 59). At the hearing, the ALJ asked Plaintiff's counsel if there were any other documents that Plaintiff's counsel wanted to submit as exhibits and Plaintiff's counsel stated that there were "[n]o other exhibits." (ECF No. 7-2, pp. 30-31). As Plaintiff acknowledges, the record already contained numerous documents regarding Plaintiff's treatment at Family Psychological Associates. (ECF No. 7-10, pp. 2-38; No. 7-17, pp. 3-32.). Thus, based on the above, I find the ALJ was entitled to assume the record was complete.

Therefore, I find the ALJ did not have a duty to develop the record further with regard to Plaintiff's 43 potentially missing records from Family Psychological Associates. Consequently, I find that remand is not warranted on this basis.

### C. Treatment Records from Dr. Peter S. Birchler

Plaintiff next submits that the ALJ erred in failing to evaluate the treatment records of Dr. Peter S. Birchler, Plaintiff's chiropractor. (ECF No. 9, pp. 20-22; No. 12, pp. 2-5). Since the ALJ completely failed to discuss this evidence, Plaintiff argues, remand is warranted. *Id.*

As Plaintiff acknowledges, a chiropractor is not "an acceptable medical source" in assessing a claimant's disability, and, therefore, his or her opinions cannot establish an impairment, nor are they entitled to controlling weight. *Hartranft v. Apfel,* 181 F.3d 358, 361 (3d Cir. 1999); see also, 20 C.F. R. §416.913(a) and §404.1513(a). A chiropractor is considered to be an "other source." 20 C.F.R. §§416.913(d)(1), 404.1513(d)(1). Information from "other sources" may be used to show the severity of an impairment and how it affects a claimant's ability to work, insofar as it is relevant. 20 C.F.R. §§416.913(d), 404.1513(d).

In this case, there is no doubt that the records of Dr. Birchler were a part of the evidence submitted and that the ALJ failed to mention them. (ECF No. 7-2, pp. 12-21). Defendant suggests that the failure to mention these records does not warrant a remand because the records are duplicative of evidence from other acceptable medical sources. (ECF No. 11, pp. 13-15). Evidence that is consistent with other evidence of record is not, in and of itself, duplicative such that it does not need to be considered.

While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, he must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008)). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). "'In the absence of such an indication, the reviewing court cannot tell if significant

5

probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981).

In this case, I am unable to tell if the ALJ forgot to include Dr. Birchler's records or rejected such records, which he is entitled to do, but then he must explain his reasoning for doing so, which he did not do. The failure by the ALJ to discuss this potentially probative and relevant evidence prohibits me from conducting a proper and meaningful review. Therefore, I find that the ALJ has erred in this regard. Consequently, remand is required for clarification.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRI A. LEMON, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>CAROLYN W. COLVIN, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 14-562 |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 2nd day of February, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 8) is granted in part and denied in part and Defendant's Motion for Summary Judgment (Docket No. 10) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further proceedings consistent with the foregoing opinion.

                                              BY THE COURT:

                                              s/   Donetta W. Ambrose
                                              Donetta W. Ambrose
                                              United States Senior District Judge